# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **IS-RA'EL ADANAI-H'ARETZ #00935352** | § | |
| **a/k/a PATRICK JONES** | § | |
| | § | |
| **V.** | § | **A-20-CV-480-LY** |
| | § | |
| **GREG ABBOTT, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*. Before the Court is Plaintiff's complaint.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Hughes Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). The Offender Information Details for TDCJ indicate Plaintiff was convicted of an aggravated sexual assault committed on or about December 6, 1999 and sentenced to 20 years' imprisonment on June 15, 2000. Plaintiff was subsequently convicted of tampering with a witness committed on or about April 2, 2010 and sentenced to five years' imprisonment on April 12, 2011. Plaintiff's sentences are running consecutively. By TDCJ's calculations, Plaintiff is eligible for parole on June 5, 2020, and his maximum sentence date is December 5, 2024. Plaintiff, however, calculates his maximum expiration date as April 3, 2020. Thus, he contends he is illegally confined.

Plaintiff sues Greg Abbott, Texas Governor; the Texas Comptroller; Lorie Davis, Director of TDCJ-CID; Cynthia Lofton, Chief Warden of the Hughes Unit; Chimdi Akwitti, Assistant Warden of the Hughes Unit; Jerry Rochelle, Bowie County District Attorney; and James Prince, Bowie County Sheriff. Plaintiff contends Governor Abbott is responsible for Plaintiff's illegal incarceration because Governor Abbott failed to release the "fraudulent lien" on Plaintiff after Plaintiff sent him notice of his discharged sentences.  Similarly, he holds the Texas Comptroller responsible for his alleged illegal confinement because the Comptroller failed to audit or examine the "Trust Account" of Plaintiff and notify the Governor the account was "lawfully discharged." Relatedly, Plaintiff alleges Director Davis is legally responsible for his alleged illegal confinement because she oversees the prisons.  Plaintiff holds the Bowie County Sheriff responsible, because he transferred custody of Plaintiff to TDCJ-CID.  Plaintiff alleges Warden Lofton and Assistant Warden Akwitti have miscalculated his sentence. Plaintiff contends he should have discharged his 20-year sentence in December 2009.  He alleges District Attorney Jerry Rochelle obtained an additional conviction which resulted in a sentence of five years.  Plaintiff complains the trial judge ordered the five years stacked on his 20-year sentence even though there was no authorization for stacked sentences by the jury. Plaintiff contends the stacked sentence is error and alleges Rochelle failed to have the sentence corrected.

Plaintiff seeks a declaratory judgment, the discharge of his sentences, compensatory damages, punitive damages, and court costs.  Included in his request for compensatory damages is a request for $20 for every barber service Plaintiff provided in TDCJ as an apprentice barber for a total of $19,160.00 and $200 per day from each defendant for every day he is incarcerated beyond his alleged maximum expiration date.  Plaintiff also imposes a "surcharge" for the value of his earned time

credits at $787,100 for 21 years, 10 months and 11 days or $967,100 for 26 years, 10 months and 11 days.

DISCUSSION AND ANALYSIS

A.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.     Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants Abbott, the Texas Comptroller, Davis, Lofton, Akwitti, and Rochelle are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign.  *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984).  The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states.  *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or

state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

    C.    <u>Heck v. Humphrey</u>

    Plaintiff's claims challenging his incarceration are also barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that the calculation of his sentences or the stacking of his five-year sentence has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite. Accordingly, Plaintiff's claims for monetary damages and declaratory relief regarding his alleged illegal confinement should be dismissed without prejudice to refile once the conditions of *Heck* are met.

    D.    <u>Slavery</u>

    To the extent Plaintiff is attempting to raise a separate claim that he is subjected to slavery because he is required to work in prison, his claim is frivolous. Inmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work. *Ali v. Johnson*, 259 F.3d 317, 317 (5th Cir. 2001).

4

E.    Habeas Claims

To the extent Plaintiff seeks his immediate release, he must seek such relief in an application for habeas corpus.  The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief.  *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  The Court should not construe this action as a request for habeas corpus relief.  Plaintiff has already challenged the calculation of his sentences in a federal application for habeas corpus relief.  *See Jones v. Davis*, No. 6:18-CV-120-RP (W.D. Tex.). On May 29, 2018, the court dismissed the application because Plaintiff did not have authorization from the Fifth Circuit Court of Appeals to file a successive habeas corpus application.  The Fifth Circuit denied Plaintiff a certificate of appealability.   *See Jones v. Davis*, No. 18-50556 (5th Cir. 2019).   Without authorization the Court lacks jurisdiction over Plaintiff's claims for habeas corpus relief.  *See, e.g., United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding district court does not have jurisdiction to consider successive § 2255 motion and remanding to district court with instructions to dismiss successive motion for want of jurisdiction).

RECOMMENDATION

It is therefore recommended that Plaintiff's habeas corpus claims be dismissed without prejudice to refiling after the Fifth Circuit Court of Appeals authorizes Plaintiff to file a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Plaintiff's claims seeking monetary relief against Defendants Abbott, the Texas Comptroller, Davis, Lofton, Akwitti, and Rochelle in their official capacities be dismissed without prejudice for want of jurisdiction, Plaintiff's claims regarding being required to work be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e) and

Plaintiff's remaining claims be dismissed without prejudice to refile once the conditions of *Heck* are met.

It is further recommended that the Court include within its judgment a provision expressly and specifically warning Plaintiff that filing or pursuing any further frivolous lawsuits may result in (a) the imposition of court costs pursuant to Section 1915(f); (b) the imposition of significant monetary sanctions pursuant to Fed. R. Civ. P. 11; (c) the imposition of an order barring Plaintiff from filing any lawsuits in this Court without first obtaining the permission from a District Judge of this Court or a Circuit Judge of the Fifth Circuit; or (d) the imposition of an order imposing some combination of these sanctions.

It is further recommended that Plaintiff should be warned that for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 2005).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other

actions in forma pauperis unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the TDCJ - Office of the General Counsel and the keeper of the three-strikes list.

<u>OBJECTIONS</u>

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 16th day of July, 2020.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE